**In the Matter of Octavia E. SNULLIGAN, Respondent.**

No. 49S00–1107–DI–462.

Supreme Court of Indiana.

May 13, 2013.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Thomas K. Milligan, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** On or about August 13, 2007, "CW" was charged by the State of Indiana with Dealing Cocaine as a class A felony and Possession of Cocaine as a class C felony, but he was not immediately arrested. On December 12, 2007, CW's' mother and her husband ("the Family"), met with Respondent to discuss her representation of CW. Respondent quoted the Family a flat fee of $12,000 for the case. The parties agreed that $6,000 should be paid "up front." Respondent asserts that she immediately began research on wiretap issues and other aspects of the case. The hearing officer stated that the evidence was insufficient for him to evaluate, quantify or judge the work performed by Respondent during this period.

On January 16, 2008, the parties were able to make arrangements to surrender CW. Also on January 16, the Family sent Respondent a letter terminating her services, requesting an itemization of services performed and requesting a refund of the unused fees paid in advance. On January 17, 2008, replacement counsel filed his appearance for CW.

Respondent did not keep any contemporaneous records of the work she did on the case. In response to the Family's request for a breakdown of the services performed, Respondent prepared a document headed "Invoice" under the date of February 12, 2008. The Invoice purports to bill at the rate of $175 per hour for 37.8 hours, and shows a balance due of $715. The Invoice lists undated 32 entries, 28 of which were shown as "Document Review." By Respondent's own testimony, the listing is incomplete. The hearing officer found Respondent's attempt to reconstruct time records for the representation to be unreliable. The hearing officer found that Respondent actually did little work of actual benefit on CW's case and should refund the Family at least $5,000.

A fact in mitigation is Respondent's lack of prior discipline. A fact in aggravation is the hearing officer's finding that the Invoice was calculated to mislead the Family, the Commission, and the Hearing Officer.

Respondent filed a petition for review contesting a number of the hearing officer's findings of fact. However, she failed to file with her petition "a record of all the evidence before the hearing officer relating to" the factual disputes, as required by Admis. Disc. R. 23(15)(b). Without a record, the Court is unable to evaluate her challenges to the hearing officer's findings of fact.

**Violation:** The Commission charged Respondent with violating these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.5(a): Collecting an unreasonable fee.

1.16(d): Failure to refund an unearned fee upon termination of representation.

There are no findings that support a conclusion that Respondent's $12,000 total fee or her collection of $6,000 of that fee before she was terminated would have been unreasonable if Respondent had been permitted to complete the representation. The findings, however, support a conclusion that Respondent violated Rule 1.16(d) by failing to refund the unearned part of the $6,000 after she was terminated, which we find to be $5,000 based on the hearing officer's findings.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 30 days, without automatic reinstatement, effective the date of this order.** Respondent is already under a suspension for noncooperation with the Commission under Cause No. 49S00–1301–DI–55. Respondent shall fulfill all the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, cures any other outstanding suspensions, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

Notwithstanding the above, however, at the conclusion of the 30–day minimum period of suspension, Respondent may petition this Court for immediate reinstatement to the practice of law in this state on the filing of proof that she has refunded to the Family the $5,000 in unearned fees she received, provided there are no other sus-pensions then in effect. *See* Admis. Disc. R. 23(4)(d) (Court may provide for reinstatement conditioned only on submission of proof of compliance with a requirement for reinstatement).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.